Steven M. Chabre, SBN 173271
The Law Office of Steven M. Chabre
1335 Park Avenue
Alameda, CA 94501
(510) 749-1440
(510) 749-0466 (fax)
chabre66@yahoo.com

Attorney for Plaintiff,
CHA-SHAWN GROGANS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| CHA-SHAWN GROGANS,<br><br>    Plaintiff,<br><br>  vs.<br><br>AETNA LIFE INSURANCE COMPANY and BANK OF AMERICA LONG-TERM DISABILITY INSURANCE PLAN,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR ERISA WELFARE BENEFITS** |

Plaintiff, Cha-Shawn Grogans, alleges:

1. JURISDICTION:  Plaintiff's claims are filed pursuant to 29 U.S.C. § 1001, et seq. ("ERISA").  Jurisdiction and venue are therefore proper pursuant to 29 U.S.C. § 1132.

2. INTRADISTRICT ASSIGNMENT:  A substantial part of the events which give rise to this claim occurred in Alameda County.  Therefore assignment to the San Francisco/Oakland Division is appropriate under Civil L.R. 3-2(c)-(d).

3. Plaintiff brings this action pursuant to 29 U.S.C. § 1132(a)(1)(B) to clarify her rights to past and future disability insurance benefits under the terms of an ERISA welfare benefit plan.

Plaintiff seeks payment of ongoing disability insurance benefits and all back benefits that are due to her, with interest.

## THE PARTIES

4. Plaintiff is an adult resident of Alameda County.

5. Defendant Aetna Life Insurance Company ("Aetna") is a corporation, incorporated in the state of Connecticut, and it is authorized to conduct business in the state of California.

6. Defendant Bank of America Long-term Disability Insurance Plan ("the Plan") is an employee welfare benefit plan under the terms of ERISA, which was established by Bank of America Corporation ("BAC"). BAC is a corporation, incorporated in the state of Delaware, and it is authorized to conduct business in the state of California.

7. Plaintiff was an employee of BAC and is and was at all times relevant a participant and beneficiary of the Plan.

## THE DISABILITY PLAN

8. The Plan administrator is Bank of America Corporation Corporate Benefits Committee.

9. The Plan promises to pay monthly disability insurance benefits to participants who are disabled as defined by the Plan.

10. The Plan is insured by Aetna by means of a group insurance policy.

11. Claims are paid out of the assets of Aetna.

12. Aetna decides whether or not a claim made under the Plan will be allowed and paid.

## PLAINTIFF'S DISABILITY

13. Plaintiff is a 60 year-old woman.

14. BAC employed plaintiff as a bank manager.   Plaintiff worked for BAC from October 1976 until October 2013 when she had to stop working due to breast cancer.

15. Plaintiff suffers from several medical conditions including chemotherapy induced peripheral neuropathy, degenerative disc disease of the lumbar spine, major depression, and an anxiety disorder.

16. Since October 24, 2013 plaintiff has been unable to perform her own occupation or any other occupation due to her medical conditions.

17. Plaintiff's treating physicians have opined that plaintiff is unable to perform her own occupation or any other occupation due to her medical conditions.

## CLAIM HISTORY

18. Plaintiff applied for disability insurance benefits under the Plan by filing a claim with Aetna.

19. Aetna approved the claim by letter dated April 24, 2014.

20. Aetna notified plaintiff that it was discontinuing her benefits as of October 24, 2015 in a letter dated October 8, 2015.

21. Plaintiff appealed the discontinuance, and by letter dated March 8, 2016 Aetna partially reinstated plaintiff's LTD benefits, but only through March 7, 2016.

22. During the course of her claim for LTD benefits with Aetna, Aetna required that plaintiff apply for Social Security disability insurance benefits and it hired a representative named Allsup to handle her claim with Social Security.

23. During the course of the Social Security claim Social Security had plaintiff examined by a psychologist, and on December 17, 2015 Allsup informed Aetna of the psychological exam.

24. Aetna made no attempt to obtain the psychological exam report, generated in the Social Security claim.

25. The psychological report from the Social Security claim demonstrated that plaintiff is disabled as defined under the Plan.

26. Social Security approved plaintiff's claim for disability benefits by letter dated April 24, 2016.

27. As plaintiff had been unrepresented during the administrative appeal of her claim

with Aetna, she, through her attorney, wrote Aetna on January 12, 2017 requesting that it reopen her claim in part due to Aetna's failure to obtain the missing Social Security report.

28. Aetna wrote plaintiff's attorney a letter dated January 23, 2017 in which it refused to reopen the claim.

29. Plaintiff exhausted her administrative remedies under the Plan.

## FIRST CAUSE OF ACTION
### (Claim for Disability Insurance Benefits against All Defendants)

30. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

31. Plaintiff has performed all of her obligations with respect to the Plan and Aetna.

32. All conditions precedent to plaintiff's bringing this ERISA claim and to her collecting disability insurance benefits under this ERISA plan and the underlying insurance contract have been performed by plaintiff or have occurred.

33. Plaintiff has been disabled under the terms of the Plan and underlying insurance contract at all times since October 24, 2013, and she has continued to be eligible to receive disability insurance benefits under the Plan and underlying insurance contract since Aetna discontinued those payments as of March 8, 2016.

34. 29 U.S.C. § 1132(a)(1)(B) states:

A civil action may be brought --

(1) by a participant or beneficiary --

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

35. Aetna and the Plan's actions constitute an unlawful denial of disability insurance benefits under the Plan and underlying insurance contract as provided in 29 U.S.C. § 1132(a)(1)(B).

## PRAYER FOR RELIEF

36. Plaintiff respectfully requests that this Court review the denial of her claim in this case and declare that she is entitled to ongoing disability insurance benefits under the Plan and underlying insurance contract; entitled to payment of back disability insurance benefits; and to interest on all back benefits.

37. Plaintiff seeks payment of all attorney's fees and costs associated with attempting to secure the benefits owed to her pursuant to 29 U.S.C. § 1132(g).

38. Finally, plaintiff seeks such other relief as this Court finds appropriate.


BY:   /Steven M. Chabre/          DATED: February 12, 2017
      STEVEN M. CHABRE
      Attorney for Plaintiff